**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION**

**SHAUNA PRINCE,     Plaintiff,**

**v.**

**CENTRAL FLORIDA COUNCIL BOY SCOUTS OF AMERICA, INC. , a congressionally chartered corporation,     Defendant.**

_____/

**Case No.: _____**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF JURY TRIAL DEMANDED**

## <u>COMPLAINT FOR EMPLOYMENT DISCRIMINATION</u>

COMES NOW, Plaintiff, SHAUNA PRINCE, by and through the Undersigned Attorney(s) and files this lawsuit for Employment Discrimination under applicable federal and constitutional claims and in support states the following:

## I. PRELIMINARY STATEMENT

**1.** This is an action for employment discrimination, harassment, retaliation, and related statutory violations arising out of CENTRAL FLORIDA COUNCIL BOY SCOUTS OF AMERICA, INC. ("BSA" or "Defendant") unlawful treatment of Plaintiff Shauna Prince ("Plaintiff" or "Ms. Prince"), a Black woman who was employed as a District Executive.  Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e *et seq.*; the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k); the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Pregnant Workers Fairness Act, and ("PWFA"), 42 U.S.C. § 2000gg *et seq.*; and for hostile work environment and unlawful retaliation. Plaintiff seeks compensatory damages, punitive damages, injunctive relief, attorneys' fees, costs, and all other applicable relief this Court deems just and proper.

## II. JURISDICTION AND VENUE

**2.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as Plaintiff's claims arise under federal law.

**3.** This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

**4.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), because a substantial part of the events giving rise to Plaintiff's claims occurred within the Middle District of Florida, Orlando Division, and Defendant maintains operations within this District.

2

**5.** Plaintiff has exhausted all administrative remedies. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to Sue from the EEOC and timely files this Complaint within ninety (90) days of receipt thereof. See **EXHIBIT A.**

**III. PARTIES**

**6.** Plaintiff Shauna Prince is an African American woman and an adult resident of the State of Florida. At all relevant times, Plaintiff was employed by Defendant as a District Executive within the Central Florida Council Boy Scouts of America, Inc. Plaintiff suffered from qualifying disabilities, including conditions related to her pregnancy and postpartum health, and was at all relevant times, a qualified individual with a disability within the meaning of the ADA.

**7.** Defendant, Central Florida Council Boy Scouts of America, Inc. is a congressionally chartered non-profit corporation organized and existing under the laws of the United States, with its national headquarters in Irving, Texas. Defendant operates through regional and local councils, including the Central Florida Council, which conducts business and employs individuals within the Middle District of Florida. At all relevant times, Defendant employed fifteen (15) or more employees and constitutes an "employer"

3

within the meaning of Title VII, the PDA, the ADA, the FMLA, the PWFA and other applicable statutes. Defendant is subject to personal jurisdiction in this District.

## IV. FACTUAL ALLEGATIONS

**8.** Plaintiff Shauna Prince was and is employed by Defendant as a District Executive with the Central Florida Council. During her employment, Plaintiff consistently performed her job duties at or above Defendant's legitimate expectations, building community partnerships, recruiting youth members, and meeting or exceeding the professional Scouting metrics.

**9.** Plaintiff is an African American woman. Throughout her employment, Plaintiff has been subjected to racially discriminatory treatment, including disparate terms and conditions of employment, unequal access to projects, advancement opportunities, and workplace support as compared to her non-African American coworkers who performed similar duties. For instance, after Plaintiff returned from maternity leave, she was reassigned to a position called "Scout Reach" because it was allegedly "more relatable" to Plaintiff due to her "color and race." Plaintiff and other African American employees where often excluded from workplace contests and prizes and denied access to projects funded by grants that are supposed to benefit the African American community.

10.  Plaintiff became pregnant during her employment in May 2024. Upon disclosing her pregnancy to Defendant's management on or about June 27, 2024, Plaintiff was subjected to discriminatory treatment, including critical comments regarding her ability to perform her duties while pregnant, scrutiny of her performance that had not previously occurred, and interference with her work environment. For instance, Plaintiff was informed that she was only allowed five days of maternity leave and that she might lose her job once she returned from leave. Plaintiff's pregnancy due date was December 18, 2024. Defendants' conduct caused significant unpleasantness and stress as it related to Plaintiff's daily work and personal activities, her maternal health, and contributed to gestational complications including high blood pressure.

11.  Plaintiff suffered from pregnancy-related medical conditions that constituted qualifying disabilities under the ADA, including but not limited to conditions requiring medical leave and reasonable accommodation. Plaintiff requested and was denied reasonable accommodations from Defendant. For example, in July 2024, the office air conditioning system broke. She felt ill from the excessive heat and requested to work from home. The Defendant denied the accommodation. In addition, the Plaintiff was required to schedule doctors' appointments before work hours and during

lunch breaks. Defendant responded to the request with hostility and constantly admonished her for seeking such an accommodation.

**12.** Plaintiff requested and was entitled to leave under the Family and Medical Leave Act for her serious health conditions related to her pregnancy and postpartum recovery. Defendant interfered with, restrained, and denied Plaintiff's FMLA rights and retaliated against Plaintiff for exercising and/or attempting to exercise her FMLA rights. For example, when Plaintiff requested reasonable leave related to maternity, she was either deterred or informed that her leave could result in loss of employment.

**13.** During Plaintiff's employment, Defendant's agents, supervisors, and/or employees subjected Plaintiff to a severe and pervasive hostile work environment based on her race and sex, including racially offensive comments, racial stereotyping, differential treatment, and a workplace culture hostile to African American employees and female employees. The hostile and coercive conduct was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment. Plaintiff was made aware that during managerial meetings her pregnancy status was discussed in a critical and pejorative manner in which she was described as having "another baby out of wedlock." Plaintiff was also directly questioned by management as "how she would manage with another child."

**14.** Plaintiff engaged in protected activity by contacting the Defendant's Human Resources department and management about the discriminatory treatment, hostile work environment, and other unlawful conduct she experienced. Defendant failed to take appropriate corrective action in response to Plaintiff's complaints.

**15.** Following Plaintiff's protected complaints, Defendant retaliated against Plaintiff by subjecting her to adverse employment actions, including, but not limited to, increased scrutiny, disparate discipline, and adverse conditions. As a result, Plaintiff's job assignments were reduced in scope and responsibility, she was forced to work seven-day work weeks and was constantly scrutinized due to her pregnancy and family leave related needs.

**16.** As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer denial of job advancement opportunities, emotional distress, mental anguish, humiliation, loss of dignity, and damage to her professional reputation.

## V. CAUSES OF ACTION

### COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### (42 U.S.C. § 2000E *et seq.*)

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

19. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

20. Plaintiff is an African American woman and a member of a protected class under Title VII.

21. Defendant intentionally discriminated against Plaintiff based on immutable characteristics, race and sex, by subjecting her to disparate treatment, disparate terms and conditions of employment, and a hostile work environment, as described more fully in the factual allegations herein.

22. Defendant acted willfully, with malice and reckless indifference to Plaintiff's federally protected rights.

23. As a direct and proximate result of Defendant's intentional racial and sexual discrimination, Plaintiff has suffered damages related to emotional distress, mental anguish, humiliation, and other compensatory and punitive damages in an amount to be determined at trial.

## COUNT II – SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

## (42 U.S.C. § 2000E *et seq.*)

**24.** Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

**25.** Plaintiff is a woman and a member of a protected class under Title VII.

**26.** Defendant intentionally discriminated against Plaintiff on the basis of her sex by subjecting her to disparate treatment, unfair bias in terms and conditions of employment, and a hostile work environment based on sex, as described more fully in the factual allegations above.

**27.** Defendant's discriminatory conduct towards the Plaintiff was flagrant, intentional, malicious, and recklessly indifferent to Plaintiff's federally protected rights.

**28.** As a direct and proximate result of Defendant's sex discrimination, Plaintiff has suffered damages including lost wages and benefits, emotional distress, mental anguish, humiliation, and other compensatory and punitive damages in an amount to be determined at trial.

## COUNT III – PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (42 U.S.C. § 2000E(K))

**29.** Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

30. The Pregnancy Discrimination Act amended Title VII to prohibit discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions," 42 U.S.C. § 2000e(k).

31. After learning of Plaintiff's pregnancy, Defendant discriminated against her because of her pregnancy and related medical conditions by making critical and pejorative comments, subjecting her to heightened scrutiny and disparate treatment, failing to accommodate her, and taking adverse employment actions.

32. Defendant's discriminatory conduct was intentional, willful, and undertaken with malice and reckless indifference to Plaintiff's federally protected rights.

33. As a direct and proximate result of Defendant's pregnancy discrimination, Plaintiff has suffered damages including lost wages and benefits, emotional distress, physical and psychological stress, mental anguish, and other compensatory and punitive damages in an amount to be determined at trial.

**COUNT IV – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

**(42 U.S.C. § 12101 *et seq.*)**

10

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

35. Plaintiff is a qualified individual with a disability within the meaning of the ADA, 42 U.S.C. § 12111(8), in that she has one or more physical impairments that substantially limit one or more major life activities, has a record of such impairment, and/or was regarded as having such impairment by Defendant.

36. Plaintiff requested reasonable accommodations from Defendant for her qualifying disabilities. Defendant failed to engage in the required good-faith interactive process with Plaintiff and failed to provide reasonable accommodations.

37. Defendant subjected Plaintiff to adverse employment actions because of her disability and her requests for reasonable accommodations.

38. Defendant's discriminatory conduct was intentional, willful, and undertaken with malice and reckless indifference to Plaintiff's federally protected rights.

39. As a direct and proximate result of Defendant's ADA violations, Plaintiff has suffered damages including lost wages, physical and psychological stress,

emotional distress, mental anguish, and other compensatory and punitive damages in an amount to be determined at trial.

## COUNT V – INTERFERENCE AND RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### (29 U.S.C. § 2601 *et seq.*)

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

41. At all relevant times, Plaintiff was an "eligible employee" under the FMLA, 29 U.S.C. § 2611(2), and Defendant was a covered "employer" under the FMLA, 29 U.S.C. § 2611(4).

42. Plaintiff was entitled to FMLA leave for her serious health conditions related to her pregnancy and postpartum recovery within the meaning of 29 U.S.C. § 2612.

43. Defendant interfered with, restrained, and denied Plaintiff's exercise of her FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

44. Defendant retaliated against Plaintiff for exercising and attempting to exercise her FMLA rights, including subjecting her to adverse employment conditions following her request for or use of FMLA leave, in violation of 29 U.S.C. § 2615(a)(2).

**45.** As a direct and proximate result of Defendant's FMLA violations, Plaintiff has suffered damages including lost wages, lost benefits, other economic losses, liquidated damages, and other relief available under 29 U.S.C. § 2617.

## COUNT VI – RACE DISCRIMINATION IN VIOLATION OF

## 42 U.S.C. § 1981

**46.** Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

**47.** Section 1981 of the Civil Rights Act of 1866 prohibits racial discrimination in the making and enforcement of contracts, including employment contracts. 42 U.S.C. § 1981.

**48.** Plaintiff's employment relationship with Defendant constitutes a contract within the meaning of § 1981.

**49.** Defendant intentionally discriminated against Plaintiff on the basis of her race in violation of § 1981 by impairing Plaintiff's right to make and enforce her employment contract on the same basis as caucasian employees, subjecting her to racially discriminatory terms and conditions of employment, and by taking adverse employment actions against her because of her race.

13

**50.** Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights under § 1981.

**51.** As a direct and proximate result of Defendant's § 1981 violations, Plaintiff has suffered damages including lost wages and benefits, emotional distress, mental anguish, harm to her reputation, and other compensatory and punitive damages in an amount to be determined at trial.

## COUNT VII – HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

**52.** Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

**53.** Defendant, through its agents, supervisors, and/or employees, subjected Plaintiff to severe and pervasive harassment and a hostile work environment on the basis of her race and/or sex.

**54.** The hostile conduct included racially discriminatory remarks, stereotyping, disparate treatment, racial hostility embedded in the workplace culture, and sex-based hostility, which was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

55. Defendant knew or should have known of the hostile work environment and failed to take prompt and effective remedial action.

56. As a direct and proximate result of Defendant's hostile work environment, Plaintiff has suffered emotional distress, mental anguish, humiliation, mental and physical stress, loss of dignity, lost wages and benefits, and other compensatory and punitive damages in an amount to be determined at trial.

## COUNT VIII – RETALIATION IN VIOLATION OF TITLE VII, THE ADA, THE FMLA, AND 42 U.S.C. § 1981

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

58. Plaintiff engaged in protected activity under Title VII, the ADA, the FMLA, and 42 U.S.C. § 1981 by complaining to Defendant's Human Resources department and management about the discrimination, harassment, and other unlawful conduct she experienced due to requesting FMLA leave, and reasonable accommodations under the ADA.

59. Following Plaintiff's requests and protected activity, Defendant subjected Plaintiff to materially adverse employment actions, including, but

not limited to, increased scrutiny, disparate discipline, and denial of advancement opportunities.

**60.** A causal connection exists between Plaintiff's protected activity and the adverse employment actions taken by Defendant.

**61.** Defendant's retaliatory conduct was intentional, willful, and undertaken with malice and reckless indifference to Plaintiff's federally protected rights.

**62.** As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff has suffered damages including lost wages and benefits, emotional distress, physical and psychological stress, mental anguish, humiliation, and other compensatory and punitive damages in an amount to be determined at trial.

## COUNT IX – FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT (42 U.S.C. § 2000gg et seq.)

**63.** Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

**64.** At all relevant times, Defendant was a "covered entity", also called an employer within the meaning and definitions in 42 U.S.C. § 2000gg (2) and the Plaintiff was a covered employee within the meaning and

16

definitions in 42 U.S.C. § 2000gg (3), under the Pregnant Workers Fairness Act, or "PWFA".

65. The Plaintiff engaged in the interactive process with the Defendant supervisor starting on or about June 27, 2024, regarding her pregnancy condition, her pregnancy related needs, and requests for reasonable accommodations, including attendance at obstetric medical appointments. 42 U.S.C. § 2000gg (7).

66. The Defendant required the Plaintiff to schedule pregnancy-related medical appointments at specific hours of the day and use benefit leave time to cover the hours away from the job in violation of PWFA.

67. Throughout Plaintiff's pregnancy, Defendant refused several requests for reasonable accommodations. During busy times, the Defendant denied her meal breaks and required her to work through lunch, which was clearly adverse to her pregnant condition.

68. After working over the weekend, Plaintiff requested a day off to rest. Defendant denied the request and instead told her she could leave one hour early later in the week. Plaintiff's participation in the interactive process was ignored, her reasonable accommodation request was denied, and Defendant gave an unacceptable alternative accommodation in violation of the PWFA.

17

69. The Defendant engaged in negative and indifferent actions against the Plaintiff and subjected her to conditions adverse to her condition and refused requests for reasonable accommodations based on her known limitations related to pregnancy in violation of the PWFA.

70. The Defendant failed to engage in the interactive process with the Plaintiff to arrive at reasonable accommodations as required and violated the PWFA.

71. The Defendant failed to utilize the interactive process, imposed accommodations that the Plaintiff did not agree to and was forced to accept and violated the PWFA's prohibition on coercion.

72. Defendant knew or should have known of the requirement to engage in the interactive process and provide reasonable accommodations based on the Plaintiff's pregnant condition and protections under the PWFA.

73. The Defendant violated the Plaintiff's statutory protections under the PWFA, and as a result she suffered damages, lost wages and benefits, emotional distress, physical and psychological stress, mental anguish, humiliation, and other compensatory and punitive damages in an amount to be determined at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shauna Prince, respectfully prays that this Court enter judgment in her favor and against Defendant, Central Florida Council Boy Scouts of America, Inc. and grant the following relief:

a.  A declaration that Defendant's acts and practices described herein are unlawful and in violation of Title VII, the PDA, the ADA, the FMLA, 42 U.S.C. § 1981, and the PWFA;

b.  An injunction ordering Defendant to cease all unlawful discriminatory, harassing, and retaliatory conduct and to implement effective anti-discrimination and anti-retaliation policies and training;

c.  An award of back pay, including lost wages and benefits, from the date of Defendant's unlawful conduct to the date of judgment;

d.  An award of front pay and/or reinstatement to Plaintiff's former position with equivalent pay, benefits, and seniority;

e.  Compensatory damages for emotional distress, mental anguish, humiliation, physical and psychological stress, pain and suffering, loss of enjoyment of life, harm to reputation, and loss of opportunities and advancement in an amount to be determined at trial;

19

f.  Punitive damages against Defendant for intentional, willful, and malicious conduct and its reckless disregard for Plaintiff's federally protected rights;

g.  Liquidated damages under the FMLA, 29 U.S.C. § 2617;

h.  An award of reasonable attorneys' fees and litigation costs pursuant to Title VII (42 U.S.C. § 2000e-5(k)), the ADA (42 U.S.C. § 12205), the FMLA (29 U.S.C. § 2617(a)(3)), 42 U.S.C. § 1988, and PWFA (42 U.S.C. § 2000gg et seq);

j.  Pre-judgment and post-judgment interest as permitted by law; and

k.  Such other and further relief as this Court deems just, equitable, and proper.

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the foregoing has been electronically filed through the Florida E- portal filing system on May 18, 2026, and served by process server on defendant.

Respectfully submitted,

By: /s/*Kene Henry Anusionwu*
Kene H. Anusionwu, Esq.
Florida Bar No. 111341
Christine Markham Esq.
Florida Bar No. 92478

20

9100 Conroy Windermere Rd
Windermere, FL 34786-0454
Tel. 407-756-6797
Fax 407-386-6277
E-Mail: info@thelawofficesofkha.com
Secondary-Email: admin@khalawoffices.com
*Attorney for Plaintiff*